UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

STEPHANIE COLEMAN                                    CIVIL ACTION

VERSUS                                               NO. 15-311-JJB-RLB

WAL-MART LOUISIANA, LLC

**ORDER**

Before the court is Plaintiff's Motion to Amend Complaint (R. Doc. 10) filed on November 13, 2015.  Any opposition to this motion was required to be filed within 21 days after service of the motion. LR 7(f).  Defendant has not filed an opposition as of the date of this Order. The motion is therefore unopposed.

The scheduling order set the deadline for amending the complaint on September 30, 2015. (R. Doc. 7).  Plaintiff represents that it was not until her counsel received discovery responses that she learned of Defendant's contention that Swift Assembly, LLC was responsible for the assembly of the futon that allegedly fell apart and injured Plaintiff. (R. Doc. 10 at 1). Plaintiff seeks to add Swift Assembly, LLC as an additional defendant, asserting that the addition of this new defendant "would not hinder this litigation as the parties will notify Swift of the current cutoffs and attempt to work within those time frames." (R. Doc. 10 at 2).

This is a diversity action.  In order for the court to determine whether the amended pleading should be entered in the record, the court must determine whether the additional party will affect the continued exercise of jurisdiction.  While the Complaint properly identifies the citizenship of the current parties (R. Doc. 1 at 1), the proposed amended pleading does not properly identify the citizenship of the proposed additional defendant, Swift Assembly, LLC (R. Doc. 10 at 3).

The proposed defendant is a limited liability company.  The citizenship of a limited liability company is determined by the citizenship of each of its members, not its principal place of business, the state under whose laws it is organized, or its authorization to do business in a certain state.  *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).  When members are themselves limited liability companies, the citizenship must be traced through however many layers of members there may be. *Turner Bros. Crane & Rigging, LLC v. Kingboard Chem. Holding Ltd.*, No. 06–88, 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007).  While Plaintiff alleges that "Swift Assembly LLC's members are all domiciled in Florida, which makes them diverse from Stephanie Coleman," Plaintiff does not identify the actual members of Swift Assembly LLC, does not identify whether those members are individuals or business entities, and does not allege the specific citizenship of each of those members.  Based on the foregoing, the court cannot determine whether the addition of Swift Assembly LLC as a defendant will destroy diversity jurisdiction.

**IT IS ORDERED** that Plaintiff's Motion to Amend (R. Doc. 16) is **DENIED** without prejudice to the submission of a pleading properly setting forth the citizenship particulars required to establish that the court has diversity jurisdiction over the case with the proposed defendant, **Swift Assembly LLC.**

**IT IS FURTHER ORDERED** that, for good cause shown, the deadline to file amended pleadings is extended to **December 22, 2015** for the sole purpose of allowing Plaintiff to resubmit the instant motion.

Signed in Baton Rouge, Louisiana, on December 9, 2015.

                                            **RICHARD L. BOURGEOIS, JR.**
                                            **UNITED STATES MAGISTRATE JUDGE**